UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Advanta-Star Automotive Research Corporation of America,<br><br>    *plaintiff,*<br><br>versus<br><br>Search Optics, LLC and<br>Search Optics USA, LLC,<br><br>    *defendants.* | Civil Action No.<br><br>Section  , Division<br><br>District Judge<br><br>Magistrate Judge<br><br>**Jury Trial Requested** |

**Complaint for Damages and Injunctive Relief**

Plaintiff supports its right(s) to relief by alleging these facts and law:

### Parties

1. Appearing as plaintiff is **Advanta-Star Automotive Research Corporation of America** (**"Advanta-Star"**), a business incorporated in and under the laws of the State of Louisiana, with its principal place of business in St. Tammany Parish Louisiana.

2. Made defendant is:

    a. **Search Optics, LLC,** a business organized in and under the laws of the State of Delaware, with its registered office in Wayne County, Michigan; and

    b. **Search Optics USA, LLC,** a business organized in and under the laws of the State of Delaware, with its registered office in Oakland County, Michigan.

3. Upon information and belief, no member of either defendant is a citizen of the State of Louisiana.

4. In this *Complaint*, Advanta-Star refers to the defendants collectively as **"Search Optics."**

### Jurisdiction

5. Search Optics infringed Advanta-Star's copyrighted material, violated federal copyright information integrity rules, and engaged in unfair and deceptive trade practices prohibited by Louisiana law.

6.  **Subject matter.** The Court may exercise jurisdiction over Advanta-Star's claims under:

    a.  **28 U.S.C. § 1338(a).** This Court has original jurisdiction over civil actions arising under any Act of Congress relating to copyrights. Actions "arise under" the Copyright Act if the complaint seeks a remedy granted by the Copyright Act, asserts a claim requiring construction of the Copyright Act, or presents a case in which the Copyright Act's distinctive policy requires that federal principles control the disposition of the claim.

    b.  When Advanta-Star's allegations place copyrightability, ownership, or right to use at issue, § 1338(a) jurisdiction is exclusive because claim resolution involves applying and interpreting the Copyright Act.

    c.  Advanta-Star's is a prototypical case invoking copyright jurisdiction because it involves requests for injunctive relief, a finding of infringement, and an award of statutory or actual damages or profits disgorgement, which the Copyright Act provides for and which turn on an analysis of the dismemberments of "ownership" in copyright, a distinctly federal concept.

    d.  Jurisdiction is proper and exclusive in this Court regarding the matters described in ¶ 6.a-c, above.

    e.  **28 U.S.C. § 1338(b).** The Court also properly exercises original jurisdiction over Advanta-Star's unfair competition claims, which are substantial and related to its copyright claims.

    f.  **17 U.S.C. § 1203(a).** The Court also properly exercises original jurisdiction over Advanta-Star's claims that Search Optics violated federal integrity of copyright management information rules.

    g.  **28 U.S.C. § 1367.** While the Court's § 1338(a) exercise of jurisdiction over the copyright claims is exclusive and its § 1338(b) and 17 U.S.C. § 1203 exercises of jurisdiction are broadly construed by courts, the remaining claims

        presented for the Court's resolution are state law unfair competition claims. Because at least part of the proof for these claims will be common to the proof for the § 1338(a) copyright claims and the § 1338(b) unfair competition claims, they're considered part of the same constitutional case for this Court's exercise of § 1367 supplemental jurisdiction.

    h.    **28 U.S.C. § 1331.** As a general matter, the Court may also exercise original federal question jurisdiction over Advanta-Star's claims, except for its Louisiana Unfair and Deceptive Trade Practices claim, because they arise under federal law.

    **i.**    **28 U.S.C. § 1332.** The Court has original jurisdiction over Advanta-Star's claims because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and because the parties are completely diverse, in that the plaintiff is a citizen of the State of Louisiana, and neither defendant is a citizen of the State of Louisiana.

7.    **Personal**. The Court has personal jurisdiction over the non-resident defendants under the forum state's (Louisiana) long-arm statute (La. Rev. Stat. § 13:3201.A(1)-(4)) because Advanta-Star's claims arise from Search Optics':

    a.    transacting business in Louisiana;

    b.    contracting to supply services or things in Louisiana;

    c.    causing of injury or damage by an offense or quasi offense (infringement and related unfair competition) committed through an act or omission in Louisiana; or

    d.    causing injury or damage in Louisiana by an offense or quasi offense (infringement and related unfair competition) committed through an act or omission outside Louisiana, where they regularly do or solicit business, or engage in any other persistent conduct, or derive revenue from goods used or consumed or services rendered in Louisiana.

The Court may also exercise jurisdiction over the defendants on any basis consistent with the constitution of the State of Louisiana and of the Constitution of the United States. La. Rev. Stat. § 13:3201.B.

## Venue

8. This district is the appropriate forum under:
    a. 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Advanta-Star's claim(s) occurred in this district, and because a substantial part of property that is the subject of this action is situated in this judicial district; or
    b. 28 U.S.C. 1391(b)(3), because both defendants are subject to the Court's personal jurisdiction as set out in ¶ 7, above; or
    c. 28 U.S.C. § 1400(a), because this is a civil action relating to copyrights and the defendants or their agents reside or may be found in this district.

## Factual Allegations

9. **Advanta-Star and its copyrighted comparisons.** Advanta-Star creates, publishes, and sells detailed reviews, comparisons, and other original works of authorship related to automobiles and their features. Advanta-Star licensed its content in print form in the past but now licenses the content in digital form. Advanta-Star provides its comparisons exclusively to licensees under paid, written license agreements.

10. Automobile dealerships use the content to assist their sales people in explaining to customers the differences between various automobiles. The content also helps dealerships enhance search engine optimization (SEO) for their websites, thereby increasing the "time on site" for website visitors.

11. Advanta-Star owns more than forty registrations for its content, including U.S. Copyright Registration Numbers TX0008760971 (2018) and TX0008761015 (2018)

for certain automobile comparisons and reviews.[1]

12. Advanta-Star includes prominent copyright notices with all of its content.

13. **2011/2012 infringement.** In or around late 2011 or early 2012, Advanta-Star learned that Search Optics had reproduced and distributed to its customers some of Advanta-Star's copyrighted content, all without Advanta-Star's permission.

14. Advanta-Star contacted Search Optics about the infringement, which Search Optics admitted.

15. Advanta-Star and Search Optics then entered into a limited April 2012 licensing agreement.

16. In July 2013, Advanta-Star and Search Optics entered into another licensing agreement covering new versions of Advanta-Star's copyrighted work.

17. **2013 infringement.** In late 2013, Advanta-Star discovered Search Optics (already in default under the licensing agreement for failure to pay agreed fees) was reproducing and distributing comparisons for which it had no license.

18. When Advanta-Star confronted Search Optics about its breaches, Search Optics acknowledged both its payment failure and its unauthorized use of Advanta-Star's copyrighted work. Search Optics agreed to mutual license termination and to pay all outstanding licensing fees, including those for its unauthorized use of Advanta-Star's unlicensed work.

19. **2019 infringement.** In late 2019, Advanta-Star discovered that an unauthorized copy of its comparison of the Ford Transit Connect and the Nissan NV200 was on the website of South Bay Ford, an automobile dealership in Hawthorne, California.

20. Upon learning of this infringement, Advanta-Star sent a November 2019 demand letter to South Bay Ford.[2]

21. In early December 2019, Vincent Byrd, general counsel at Search Optics, emailed

---

[1] Exhibit A.   [2] Exhibit B.

Advanta-Star's counsel noting that Search Optics had provided "certain services" to South Bay and that South Bay had contacted it about the alleged infringement. Mr. Byrd noted that he was "looking into the matter and should have a full response to [Advanta-Star] next week."[3]

22. Also in late 2019, Advanta-Star discovered that its copyrighted comparison of the GMC Terrain and the Jeep Compass was on the website of Essig Motors, an automobile dealership in Aledo, Illinois. There was no license or other authorization for this.

23. Advanta-Star sent a November 2019 demand letter to Essig Motors.[4]

24. Later in December 2019, Search Optics' general counsel Vincent Byrd sent another email to Advanta-Star's counsel, noting that he had been forwarded another letter, this one addressed to Essig Motors, "regarding content that may have been related to Search Optics services. We are investigating both allegations and I will be taking the point on both fronts."[5]

25. The parties and their counsel participated in a conference call about Search Optics' infringements in mid-January 2020. During that call, the parties explained their respective positions and Search Optics stated it would be back in touch with Advanta-Star after further investigation.

26. Later in January 2020, Byrd represented to Advanta-Star that that Search Optics had located the individual who had prepared the infringing material. Advanta-Star asked for more details and Byrd stated he would investigate more.

27. Despite several reminders from Advanta-Star, Search Optics has provided no added information and by July 2020 stopped communicating with Advanta-Star altogether.

---

[3] Exhibit C.

[4] Exhibit D.

[5] Exhibit E.

28. Search Optics knowingly copied Advanta-Star's copyrighted comparisons and provided them to third parties. It also removed or altered Advanta-Star's copyright notices and other identifying data and metadata related to Advanta-Star's copyright management information.

**Count 1: Copyright Infringement
Damages, Costs, and Attorney's Fees
(17 U.S.C. §§ 504, 505)**

29. Advanta-Star incorporates and re-alleges ¶¶ 1-28, above, as though fully set forth herein.

30. Advanta-Star protected its automotive comparisons, which were original and which it conceived of and created, with federal copyright registration: U.S. Copyright Registration Numbers TX0008760971 (2018) and TX0008761015 (2018)

31. Search Optics had access to the comparisons and, without authorization from Advanta-Star, has made or used infringing copies, or made unauthorized derivative use of the comparisons (and perhaps others) for its own financial gain.

32. Search Optics, without authorization from Advanta-Star, has caused infringing copies of the Advanta-Star's copyrighted comparisons to be published online for viewing by the public, in total disregard for Advanta-Star's rights in its copyrighted work.

33. Search Optics is liable to Advanta-Star for actual and statutory damages because of its infringement, as well as all costs and Advanta-Star's reasonable attorneys' fees.

**Count 2: Copyright Infringement
Injunction and Destruction
(17 U.S.C. §§ 502, 503)**

34. Advanta-Star incorporates and re-alleges ¶¶ 1-33, above, as though fully set forth herein.

35. Under § 502 of the Copyright Act, Advanta-Star is entitled to and will separately apply for injunctive relief to preliminarily and permanently enjoin Search Optics from accessing, copying, displaying, distributing, or otherwise using Advanta-Star's

comparisons.

36. And under § 503 of the Copyright Act, Advanta-Star will separately apply to for an order requiring impoundment and destruction of Search Optics' infringing materials.

**Count 3: Violation of Copyright and Management Systems Law**
**Damages, Costs, and Attorney's Fees**
**(17 U.S.C. § 1203)**

37. Advanta-Star incorporates and re-alleges ¶¶ 1-36, above, as though fully set forth herein.

38. Search Optics removed or altered all copyright management information from the comparisons before distributing of them. This copyright management information included copyright notices and attribution identifying Advanta-Star as the owner of the comparisons.

39. Prohibited under 17 U.S.C. § 1202(a) and (b), Search Optics intentionally provided and distributed copyright management information that is false, removed copyright management information, and distributed copyright management information and copies of the comparisons knowing that copyright management information had been removed or altered without the copyright owner's (or any law's) permission.

40. Search Optics has shown a pattern of conduct by infringing Advanta-Star's copyright-protected work over the last ten years.

41. Search Optics committed the above acts while knowing, or having reasonable grounds to know, that its efforts would induce, enable, facilitate, or conceal an infringement of Advanta-Star's rights in the work.

42. Based on Search Optics' violations, Advanta Star is entitled to actual and statutory damages, costs, and attorney's fees under 17 U.S.C. § 1203(b)(3)-(5).

### Count 4: Violation of Copyright and Management Systems Law
### Injunction and Destruction
### (17 U.S.C. § 1203)

43. Advanta-Star incorporates and re-alleges ¶¶ 1-42, above, as though fully set forth herein.

44. Under 17 U.S.C. § 1203(b)(1), Advanta-Star is entitled to and will separately apply for injunctive relief to temporarily and permanently restrain Search Optics from further violations of 17 U.S.C. § 1202.

45. And under 17 U.S.C. § 1203(b)(2) and (6), Advanta-Star will separately apply to for an order requiring preliminary impoundment or permanent destruction or modification of any device or product in Search Optics' custody or control involved in the violations.

### Count 5: Unfair and Deceptive Trade Practices
### Enhanced Damages, Costs, and Attorney's Fees
### (La. Rev. Stat. § 51:1409)

46. Advanta-Star incorporates and re-alleges ¶¶ 1-45, above, as though fully set forth herein.

47. As alleged above, Search Optics was given considerable access to Advanta-Star's copyrighted work involving automobile comparisons.

48. Time and again, Search Optics has used work which it knew was copyrighted and belonged to Advanta-Star, without permission.

49. When confronted, Search Optics did not dispute it misused Advanta-Star's property.

50. Search Optics has now admitted it knows the circumstances surrounding its most recent infringement, in which one of its agents removed copyright notices and metadata from Advanta-Star's copyrighted work, and distributed the work as its own to a third party for profit.

51. Search Optics and its counsel within the past year have refused to communicate with Advanta-Star about the infringement.

52. Search Optics' present behavior, where for the first time it has systematically strung

  Advanta-Star along in an apparent attempt to avoid litigation, and its repeated disrespect for Advanta-Star's hard-earned intellectual property, permits the inference that its business practices may well transcend corner-cutting in a search for commercial gain, and that it may actively desire to harm Advanta-Star.

53. Search Optics' behavior is commercially immoral, deceptive, and unfair, particularly with its repeated promises to "get back to" Advanta-Star, which were apparently designed only to keep Advanta-Star from suing Search Optics.

54. In these respects, among others, Advanta-Star's state law claims are qualitatively different than its infringement claims and Search Optics should be found liable for under Louisiana's Unfair and Deceptive Trade Practices Act (LUTPA) and, besides damages, should be ordered to pay plaintiffs' reasonable attorney's fees.

55. And, once Search Optics is given statutory notice by Louisiana's Attorney General, if Search Optics does not immediately cease these practices, it should be ordered to pay up to treble the actual damages awarded to Advanta-Star.

## Jury Demand

56. Advanta-Star demands to try its case to a jury on all issues appropriate under Fed. R. Civ. P. Rule 38.

  For these reasons, Advanta-Star requests that its allegations be considered good and sufficient, and this *Complaint* be assigned a cause number, section, and division, and that after all legal delays and proceedings are had, the Court grant relief in in their favor, some of which will be sought in separate applications for TRO and preliminary injunction, and against all defendants, for all relief allowable, whether contractual, legal, equitable, or customary.

Respectfully submitted,

   /s/ *Andrew T. Lilly*
**Andrew T. Lilly (La. 32559)**
4907 Magazine Street
New Orleans, Louisiana 70115
t: (504) 812-6388
f: (504) 539-4180
e: andrew@atlpllc.com

and

**Stephen M. Dorvee (Ga. 226989)**[6]
stephen.dorvee@agg.com
**Morgan E.M. Harrison (Ga. 470983)**[7]
morgan.harrison@agg.com
**Becki C. Lee (Ga. 167852)**[8]
becki.lee@agg.com
Arnall Golden Gregory, LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
t: (404) 873-8500
f: (404) 873- 8501

*Attorneys for Advanta-Star Automotive Research Corporation of America*

---

[6] Motion for pro hac vice admission forthcoming.

[7] Motion for pro hac vice admission forthcoming.

[8] Motion for pro hac vice admission forthcoming.