## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ADVANTA-STAR AUTOMOTIVE**                          **CIVIL ACTION**
**RESEARCH CORPORATION OF**
**AMERICA**

**VERSUS**                                          **NO. 21-1174**

**SEARCH OPTICS, LLC, ET AL.**                      **SECTION: "G"**

## ORDER AND REASONS

In this litigation, Plaintiff Advanta-Star Automotive Research Corporation of America ("Plaintiff") alleges Defendants Search Optics, LLC and Search Optics USA, LLC (collectively, "Defendants") infringed Plaintiff's copyrighted material.[1] Before the Court is Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)."[2] Having considered the motion, the memoranda in support and in opposition, the reply, the record, and the applicable law, the Court grants the motion.

## I. Background

On June 16, 2021, Plaintiff filed a Complaint against Defendants in this Court.[3] According to the Complaint, Plaintiff is a Louisiana corporation that "creates, publishes, and sells detailed reviews, comparisons, and other original works of authorship related to automobiles and their

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 16

[3] Rec. Doc. 1.

1

features."[4] Plaintiff alleges that it licenses its materials under paid, written lease agreements.[5]

Plaintiff claims that in late 2011 or early 2012, it learned that Defendants "had reproduced and distributed to its customers some of [Plaintiff]'s copyrighted content, all without [Plaintiff]'s permission."[6] According to Plaintiff, after confronting Defendants about the infringement, the parties entered into a licensing agreement in April 2012, which was thereafter renewed in July 2013.[7] Plaintiff claims that by late 2013, Defendants were in default of the agreement for failure to pay fees, and were distributing certain of Plaintiff's materials for which they had no license.[8] Plaintiff's claim that Defendants "acknowledged both its payment failure and its unauthorized use of [Plaintiff]'s copyrighted work," and agreed to pay its outstanding fees and cease infringement.[9]

Plaintiff alleges that in late 2019, it discovered that Defendants were involved in providing services to car dealerships that were infringing on Plaintiff's materials.[10] Plaintiff claims that Defendants told Plaintiff they were investigating the alleged infringement, but that Defendants ceased communications in July 2020.[11]

On August 16, 2021, Defendants filed the instant "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)."[12] On August 30, 2021, Plaintiff

---

[4] *Id.* at 1, 4.

[5] *Id.*

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5–6.

[11] *Id.* at 6.

[12] Rec. Doc. 16

filed an opposition to the instant motion.[13] On September 20, 2021, Defendants filed a reply brief in further support of the instant motion.[14]

## II. Parties' Arguments

### A.  *Defendants' Arguments in Support of the Motion to Dismiss*

On August 16, 2021, Defendants filed the instant motion to dismiss for lack of personal jurisdiction.[15] Defendants argue that Plaintiff has not met its burden of establishing that this Court has personal jurisdiction over Defendants.[16] Defendants claim that in the Complaint, Plaintiff's assertion of personal jurisdiction simply "parrots" Louisiana's long-arm statute.[17] Defendants contend that Plaintiff has failed to provide any facts to establish personal jurisdiction in Louisiana and thus, the Complaint "fails as a matter of law."[18]

Furthermore, Defendants argue that this Court does not have personal jurisdiction over Defendants.[19] Defendants contend that the Court does not have specific personal jurisdiction because Plaintiff's claims do not arise out of Defendants' forum-related contacts.[20] Defendants highlight that all alleged acts of infringement took place in California and Illinois, and Defendants have no places of business nor employees in Louisiana.[21] Defendants further claim that this Court

---

[13] Rec. Doc. 22.

[14] Rec. Doc. 27.

[15] Rec. Doc. 16.

[16] Rec. Doc. 16-1 at 3.

[17] *Id.*

[18] *Id.* at 4.

[19] *Id.*

[20] *Id.* at 5.

[21] *Id.*

does not have general personal jurisdiction over Defendants because Plaintiff has failed to plead any facts, and "there are no facts to plead," concerning Defendants' contacts with Louisiana.[22] Defendants contend that they do not have continuous or systematic contacts with Louisiana, do not have a place of business in the state, have no employees residing in the state, and did not make any sales or enter any contracts in Louisiana during the times relevant to this suit.[23]

**B.      *Plaintiff's Opposition to the Motion to Dismiss***

In opposition, Plaintiff argues that Defendants have sufficient minimum contacts with the State of Louisiana for this Court to exercise personal jurisdiction over Defendants.[24] Plaintiff points to various parts of the Complaint alleging that Defendants had contacts with Louisiana.[25]

Specifically, Plaintiff asserts that it contacted Defendants regarding infringement of Plaintiff's copyright-protected content in 2011 or 2012, and Defendants admitted to the infringement.[26] Plaintiff avers that Defendants entered into more than one licensing agreement with Plaintiff in 2012, and that Defendants were required to get approval from Plaintiff before publication of the licensed content.[27] Plaintiff asserts that it confronted Defendants about nonpayment of their license fees and the unauthorized use of certain content.[28]

Plaintiff further asserts that, in 2019, it discovered unauthorized copies of its content being

---

[22] *Id.* at 6.

[23] *Id.*

[24] Rec. Doc. 22.

[25] *Id.* at 2–4.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 3.

used by dealerships, and sent demand letters to the dealerships.[29] Plaintiff claims that Defendants' counsel then emailed Plaintiff's counsel about certain dealerships' unauthorized use of its content.[30] Plaintiff further claims that Plaintiff and Defendants engaged in a "series of communications by email and by phone" in which Defendants' counsel said he would provide information about the individual who had used Plaintiff's content without authorization.[31] Plaintiff asserts that Defendants stopped communication with Plaintiff in January 2020.[32] Furthermore, Plaintiff claims that Defendants "specifically inserted [themselves] in this case when [they] responded to Advanta-Star's demand letters that were sent to two of [their] customers."[33] Based on these allegations, Plaintiff argues that Defendants have sufficient minimum contacts with Louisiana.

Next, Plaintiff argues that these contacts are sufficiently linked to this cause of action to establish specific personal jurisdiction over Defendants. Plaintiff argues that the lack of physical presence in Louisiana is not determinative because "copyright infringement is a commercial tort which can cause effects where the copyright owner resides."[34] Thus, Plaintiff argues that "there is a nexus between activities directed at a forum state that give rise to copyright infringement causing effects in that forum state."[35]

---

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 7.

[34] *Id.* at 8 (citing *Johnson v. Tuff N Rumble Mgmt., Inc.*, No. 99-1374, 1999 WL 1201891, at *4 (E.D. La. Dec. 15, 1999) (Vance, J.)).

[35] *Id.*

Furthermore, Plaintiff argues that its claims are related to Defendants contacts with Louisiana because Defendants "purposefully settled its prior copyright infringement dispute with Advanta-Star, a Louisiana company," by entering into licensing agreements related to different copyright-protected works that "were of the same nature, same purpose, and owned by the same claimant" as the copyrights at issue in this case.[36]

Finally, Plaintiffs assert that there is general personal jurisdiction over Defendants because "Search Optics regularly does and solicits business in all fifty of the United States, including Louisiana,"[37] and that Defendants' content "makes its way into all fifty state through its nationwide partners."[38]

**C.      *Defendants' Arguments in Further Support of the Motion***

In the reply brief, Defendants argue again that Plaintiff has not established specific jurisdiction over Defendants. First, Defendants argue that the prior copyright licensing agreements cannot provide a basis for specific jurisdiction over Defendants.[39] Those agreements, Defendants assert, covered different copyrighted works and have since been terminated.[40] Because those licensing agreements are not at issue in this lawsuit, Defendants argue that "this case did not arise out of" Defendants contacts with Louisiana.[41] Second, Defendants argue that Plaintiff's location in Louisiana does not provide a basis for specific jurisdiction.[42] Defendants assert that "the fact

---

[36] *Id.* at 9.

[37] *Id.* at 4.

[38] *Id,* at 11.

[39] Rec. Doc. 27 at 2.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 4.

that an 'effect' was allegedly felt in Louisiana is of no moment."[43] Third, Defendants contend that they are not subject to specific jurisdiction simply because they responded to Plaintiff's demand letter.[44]

Defendants further contend that Plaintiff "does not meaningfully dispute that this Court cannot properly exercise general personal jurisdiction over Defendants."[45] Defendants argue that Plaintiff's allegations regarding general jurisdiction based on Defendants' content entering all fifty states is "based solely on speculation."[46] They assert that the "continuous and systematic contacts" test is difficult to meet, and their "non-existent contacts with Louisiana certainly fall well short of that standard."[47]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a plaintiff's claims when the court does not have personal jurisdiction over a defendant.[48] The party seeking to invoke the power of the court "bears the burden of establishing jurisdiction, but need only present *prima facie* evidence."[49] To determine whether a prima facie case exists, a district court accepts "uncontroverted allegations in the complaint" as true and resolves "any factual disputes" in favor of the party seeking to invoke the court's jurisdiction.[50]

---

[43] *Id.*

[44] *Id.*

[45] *Id.* at 7.

[46] *Id.* at 8.

[47] *Id.*

[48] Fed. R. Civ. P. 12(b)(2).

[49] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

[50] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 176 (5th Cir. 2013) (quoting *ITL Int'l, Inc. v. Constenla,*

In diversity cases under 28 U.S.C. § 1332, "the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the state in which the district court is located."[51] The Louisiana long-arm statute confers jurisdiction to the limits of due process.[52] Thus, because Louisiana's long-arm statute confers jurisdiction to the limits of due process, a federal court must determine only whether subjecting the defendant to suit in Louisiana comports with the Due Process Clause.[53]

Due process permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state"[54] and (2) the court's exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice."[55] The "minimum contacts" analysis "may result in either specific or general jurisdiction."[56] "General jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action."[57] On the other hand, specific jurisdiction may be asserted when the non-resident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or

---

*S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)).

[51] *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

[52] La. Rev. Stat. § 13:3201.

[53] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (noting that only the Due Process Clause analysis is necessary).

[54] *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[55] *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).

[56] *Torgeson v. Nordisk Aviation Prod., Inc.*, 997 F.2d 881 (5th Cir. 1993).

[57] *Cent. Freight Lines*, 322 F.3d at 381.

relate to those activities."[58]

## IV. Analysis

In the instant motion, Defendants argue that Plaintiff's claims must be dismissed because this Court does not have (A) general personal jurisdiction or (B) specific personal jurisdiction over Defendants.[59] The Court addresses each argument in turn.

**A.    *Whether there is General Personal Jurisdiction over Defendants in Louisiana***

"General jurisdiction…extends to 'any and all claims' brought against a defendant," and those claims "need not relate to the forum State or the defendant's activity there."[60] General jurisdiction over a defendant exists only when the defendants "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state."[61] "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction.'"[62] The Fifth Circuit has noted that it is "incredibly difficult to establish general jurisdiction" in a different forum.[63]

---

[58] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[59] Rec. Doc. 16-1. Defendants also assert that Plaintiff "fails to allege any facts even suggesting that Defendants have the requisite contacts" to support jurisdiction and instead makes only "conclusory allegations" of jurisdiction by "parrot[ing]" the Louisiana long-arm statute. *Id.* at 3. However, the Complaint plainly makes some factual allegations regarding Defendants' contacts with Plaintiff, a Louisiana corporation. Rec. Doc. 1 at 5–6. Plaintiff similarly makes factual allegations suggesting that Defendants' operations reach all fifty states, including Louisiana. Rec. Doc. 22 at 4. These allegations are more than mere "conclusory allegations of jurisdiction." Rec. Doc. 16-1 at 3 (quoting *Tafaro v. Innovative Discovery, L.L.C.*, 89 F. Supp. 3d 867, 875 (E.D. La. 2016) (Zainey, J.)). The relevant inquiry is whether any of these allegations are sufficient to support general or specific personal jurisdiction.

[60] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 464 U.S. 915, 919 (2011)).

[61] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 464 U.S. 915, 919 (2011)

[62] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting Lea Brilmeyer et al., *A General Look at General Jurisdiction*, 66 Texas L. Rev. 721, 728 (1988)).

[63] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Defendants assert that they have not had continuous and systematic contacts with Louisiana, preventing the exercise of general personal jurisdiction in this case.[64] In response, Plaintiff contends that this Court has general personal jurisdiction over Defendants because "Search Optics regularly does and solicits business in all fifty of the United States, including Louisiana."[65] Plaintiff further offers the following information from Defendants' website in support of its claim of general jurisdiction:

a) "Search Optics maintains offices in Michigan and California, and also outside the United States in Canada, Ireland, and Brazil."
b) "Search Optic[s'] website advertises that '[w]ith over 20 years of experience, Search Optics has reviewed the digital marketing strategy for thousands of businesses.'"
c) "Search Optics advertises services in the 'mid-Atlantic and Southern states' and includes a case study for a restaurant customer that has '500+ locations nationwide.'"
d) "Search Optics advertises that it works with well-known automotive brands to develop digital marketing strategies in 'national network[s]' of car dealerships."
e) "Search Optics advertises that, as of its twentieth anniversary in 2018, it was a 'leader in global digital marketing' and had a 'client base of over 3,000 customers worldwide' including North America." [66]

The Court finds that these allegations are insufficient to support general personal jurisdiction over Defendants. Plaintiff has not demonstrated that Defendants' contacts with Louisiana are so "'continuous and systematic' as to render them essentially at home" in the State.[67] Plaintiff does not allege that Louisiana is Defendants' principal place of business or state of

---

[64] Rec. Doc. 16-1 at 6.

[65] Rec. Doc. 22 at 4.

[66] *Id*. Plaintiff offered these facts from Defendants' website for the first time in its opposition to the Motion to Dismiss. In ruling on a motion to dismiss, however, "a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) (quoting *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp*., 748 F.3d 631, 635 (5th Cir. 2014). Nevertheless, even considering these facts, the Court finds them insufficient to establish general personal jurisdiction, for the reasons described below.

[67] *See Goodyear*, 464 U.S. at 919.

incorporation. To the contrary, the Complaint states that Search Optics, LLC is "a business organized in and under the laws of the State of Delaware, with its registered office in Wayne County, Michigan."[68] Similarly, the Complaint states that Search Optics USA, LLC, is "a business organized in and under the laws of the State of Delaware, with its registered office in Oakland County, Michigan."[69] Because Plaintiff does not assert that Louisiana is either Defendants' principal place of business or state of incorporation, it will be "incredibly difficult to establish general jurisdiction" over Defendants in Louisiana.[70]

In *Daimler AG v. Bauman*, the Supreme Court left open the possibility that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."[71] This is plainly not such an "exceptional case." Plaintiff argues that Defendants are subject to general personal jurisdiction because they "regularly do[] and solicit[] business  in all fifty of the United States, including Louisiana."[72] The statements from Defendants' website that Plaintiff cites similarly suggest that Defendants operate nationwide.[73] However, the fact that Defendants may operate in all fifty states is insufficient to make this the kind of "exceptional case" contemplated by *Daimler*. The Court in *Daimler* rejected the idea that a company's nationwide operations could be sufficient to establish general personal jurisdiction in

---

[68] Rec Doc. 1 at. 1.

[69] *Id*.

[70] *See Ritter*, 768 F.3d at 432.

[71] *Daimler*, 571 U.S. at 139 n.19 (2014).

[72] Rec. Doc. 22 at 4.

[73] *See* Rec. Doc. 22 at 4.

a state other than the principal place of business or state of incorporation.[74] As the Supreme Court explained, "[a] corporation that operates in many places can scarcely be deemed at home in all of them."[75] Such a theory of general jurisdiction would not "permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"[76] Therefore, Plaintiff's allegations suggesting that Defendants operate nationwide are insufficient to establish general personal jurisdiction over them in Louisiana.

**B.    *Whether there is Specific Personal Jurisdiction over Defendants in Louisiana***

For a court to exercise specific jurisdiction over a defendant, the defendant must engage in "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum state."[77] The act must be "the defendant's own choice and not 'random, isolated, or fortuitous.'"[78] Furthermore, the plaintiff's claims in the lawsuit must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*."[79] In other words, "there must be 'an affiliation between the forum and the underlying controversy.'"[80] The Fifth Circuit evaluates these principles using a three-part test:

> First, to evaluate minimum contacts, we ask if the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of

---

[74] *Daimler*, 571 U.S. at 139.

[75] *Id*. at n.20.

[76] *Id*. at 139.

[77] *Ford Motor Co.*, 141 S. Ct. at 1024 (alteration in original) (quoting *Hanson v. Denckla*, 357 U.S. 234, 253 (1958)).

[78] *Id.* at 1025 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984).

[79] *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (alterations in original). (quoting *Daimler*, 571 U.S. at 127).

[80] *Id*. (quoting *Goodyear*, 564 U.S. at 919).

12

conducting activities there." Second, we ask if the case "arises out of or results from the defendant's forum-related contacts." Third, we ask if "the exercise of personal jurisdiction is fair and reasonable." If we answer all three questions in the affirmative, personal jurisdiction over the out-of-state defendant satisfies due process.[81]

Defendants argue only that the second step is not met.[82] Defendants argue that Plaintiff's claims involve cases of infringement in California and Illinois, and therefore do not arise out of Defendants' contacts with Louisiana.[83] Plaintiff argues that the claims do arise out of Defendants' contacts with Louisiana because "there is a nexus between activities directed at a forum state that give rise to copyright infringement causing effects in that forum state."[84]

Plaintiff argues that specific jurisdiction is proper based on the 'effects' of Defendants' copyright infringement that were felt in Louisiana.[85] However, this argument is unavailing. The Fifth Circuit has stressed that specific jurisdiction is improper for "an intentional tort [claim] where the only jurisdictional basis is the alleged harm to a [forum] resident."[86] As the Court will explain, Plaintiff's argument that the claim at issue arises out of Defendants' contacts with Louisiana based on the "effects" that were felt in the state rests on a misunderstanding of the law set forth in the seminal case of *Calder v. Jones*.[87]

In *Calder*, a California resident brought a libel suit in California against two employees of

---

[81] *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 351 (5th Cir. 2021).

[82] Rec. Doc. 16-1 at 5.

[83] *Id.*

[84] Rec. Doc. 22 at 8.

[85] *Id.* (citing *Conwill v. Greenberg Traurig, L.L.P.*, No. 09-4365, 2009 WL 5178310, at *3 (E.D. La. Dec. 22, 2009) (Africk, J.) and *Johnson v. Tuff N Rumble Mgmt., Inc.*, No. 99-1374, 1999 WL 1201891, at *4 (E.D. La. Dec. 15, 1999) (Vance, J.)).

[86] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 486 (5th Cir. 2008).

[87] *Calder v. Jones*, 465 U.S. 783, 788–89 (1984).

the National Inquirer, both of whom were Florida residents, who had written and edited a story about the plaintiff.[88] Although the story was written in Florida, the Supreme Court noted that the National Inquirer had its largest circulation in California, that the article "was drawn from California sources," "concerned the California activities of a California resident," and "the brunt of the harm … was suffered in California."[89] Because California was "the focal point both of the story and of the harm suffered," and the defendants' conduct was "intentionally directed at a California resident," the Court held that personal jurisdiction over the defendants in California was proper "based on the 'effects' of [the defendants'] Florida conduct in California."[90] That California was the "focal point" and the target of Defendants' conduct was crucial to the Supreme Court's holding. Elaborating on the *Calder* "effects" test, the Fifth Circuit has explained that injury in the forum alone is not sufficient to confer jurisdiction, "absent the direction of specific acts toward the forum."[91]

Considering these principles, Plaintiff cannot demonstrate that the claims at issue in this case arise out of conduct that Defendants directed at Louisiana. The Complaint alleges that Defendants infringed on Plaintiff's copyright in Illinois and California.[92] Even accepting

---

[88] *Id.* at 784–86.

[89] *Id.* at 788–89.

[90] *Id.*

[91] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999); *see also Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 425 (5th Cir. 2005) ("Our Circuit has underscored the importance of the direction of defendants' action in the scheme of purposeful availment."); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (explaining that specific jurisdiction requires a defendant to "'purposefully direct[]' [their] efforts toward the forum State residents"); *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 774 (5th Cir. 1988) (finding that there was no specific jurisdiction under *Calder* because "nothing in the record indicates that [the defendant] expressly aimed its allegedly tortious activities at [the forum], or that [the forum] is even the focal point of [the defendant's] tortious conduct").

[92] Rec. Doc. 1 at 5–6.

Plaintiff's allegations as true, it cannot be said that Defendants' infringement of copyrights in Illinois and California was "directed" at Louisiana. Unlike in *Calder*, where the defendants' article was written about a resident of the forum and distributed widely in the forum, Defendants here have not engaged in any activity connected with these claims that targets Louisiana. Defendants only connection to Louisiana related to this case is that Plaintiff is based there. As the Fifth Circuit has explained, however, "the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*."[93] Therefore, the Court cannot exercise specific jurisdiction over Defendants based on the "effects" of the conduct at issue in this case.

Plaintiff further argues that the claim arises out of Defendants' contacts with Louisiana based on Defendants' prior dealings with Plaintiff.[94] The Court disagrees. The Complaint alleges that in 2012 and 2013, the parties entered into several licensing agreements for the use of Plaintiff's copyrighted work.[95] The Complaint further alleges that those licenses were terminated.[96] Although Plaintiff argues that the prior copyrights covered by the licensing agreement "were of the same nature, same purpose, and owned by the same claimant"[97] as the copyrights at issue here, this case involves different copyrighted materials that were infringed in different states, years after the parties' terminated the prior licensing agreement. The claims at issue here, therefore, do not "arise out of or relate to" Defendants' contacts with Louisiana.[98] Therefore, the Court lacks specific

---

[93] *Revell*, 217 F.3d at 473.

[94] Rec Doc. 22 at 8–9.

[95] Rec. Doc. 1 at 5.

[96] *Id.*

[97] Rec Doc. 22 at 9.

[98] *See Bulkley*, 1 F.4th at 351.

personal jurisdiction over Defendants.

To the extent that Plaintiff argues that specific jurisdiction is proper because Defendants "specifically inserted [themselves] in this case when [they] responded to Advanta-Star's demand letters,"[99] the Court disagrees. As the Court has discussed, Defendants' contacts "must be the defendant's own choice and not 'random, isolated, or fortuitous.'"[100] Defendants must have engaged in "some act by which [they] purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum state."[101] The Court finds that Defendants have not done so simply by responding to letters about two instances of alleged copyright infringement that occurred outside the forum. To hold otherwise would permit jurisdiction over Defendants based on "nothing but 'the mere fortuity that [the plaintiff] happens to be a resident of the forum.'"[102] Therefore, Defendants' response to Plaintiff's demand letters are insufficient to establish personal jurisdiction over Defendants.

### V. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not met its burden of establishing that this Court may exercise either specific or general personal jurisdiction over Defendants in the present matter. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss for Lack of Personal

---

[99] Rec. Doc. 22 at 7.

[100] *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Keeton*, 465 U.S. at 774)).

[101] *Id.* at 1024 (alteration in original) (quoting *Hanson v. Denckla*, 357 U.S. 234, 253 (1958)).

[102] *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (quoting *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985). *See also Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309 (2009) ("An exchange of communications in the course of developing and carrying out a contract [] does not, by itself, constitute the required purposeful availment."); *Stuart v. Spademan*, 772 F.2d 1185, 1194 (5th Cir. 1985) ("[W]e have held that an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws.").

Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)"[103] is **GRANTED** and Plaintiff's

claims are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

      **NEW ORLEANS, LOUISIANA**, this <u>27th</u> day of October, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[103] Rec. Doc. 16.